IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TODD GREENWALD,** | Case No. 4:12-cv-3034 |
| Plaintiff, | |
| vs. | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, WELLS FARGO & COMPANY, WELLS FARGO & COMPANY SHORT-TERM DISABILITY PLAN, AND WELLS FARGO & COMPANY LONG-TERM DISABILITY PLAN,** | **ORDER ON PARTIES' STIPULATION FOR REMAND** |
| **Defendants.** | |

Come now the parties, by and through counsel, and hereby stipulate and agree as follows:

1. Proceedings on plaintiff's Second Claim shall be stayed pending an administrative review of plaintiff's request for long-term disability (LTD) benefits as set forth below.

2. The deadline for Plaintiff to submit any and all documentation he desires to be considered on remand will be forty-five (45) days from the date of the order approving this Suggestion of Remand. Such documentation shall be provided by delivery to Defendants' counsel of record, who shall provide it to Liberty Life.

3. The deadline for Liberty Life to complete its initial evaluation on remand and issue an initial determination regarding Plaintiff's claim will be forty-five (45) days after Defendants' counsel receives confirmation from Plaintiff that he has submitted all documentation that he wishes to be considered by Liberty Life. Provided, however, that Liberty Life may obtain a 45-day extension upon notice prior to expiration of the initial evaluation period on terms allowed by ERISA. In the course of its evaluation, Liberty Life may obtain the

1

advice and recommendation of appropriate third parties as permitted by ERISA. The initial determination on remand shall be provided to Plaintiff via delivery to Plaintiff's counsel. If the determination is adverse, Liberty Life will also provide a copy of the Administrative Record for the determination.

4. If the initial determination is adverse, Plaintiff will provide any appeal, along with any supporting documentation, in writing within forty-five (45) days of his counsel's receipt of the adverse determination. Defendants' counsel shall provide the appeal and supporting documentation to Liberty Life. Liberty Life's appeal determination in such case shall be due forty-five (45) days after receipt of confirmation from Plaintiff's counsel that Plaintiff does not intend to submit any additional information. Provided, however, that Liberty Life may obtain a 45-day extension upon notice prior to expiration of the initial appeal evaluation period on terms allowed by ERISA. If Plaintiff does not submit an appeal as provided above, Defendants' counsel will notify the Court as to whether benefits were approved or denied on remand, and submit a motion to lift the stay and for further proceedings as then warranted.

5. The Parties may agree between themselves for an extension of any of the deadlines established herein, with notice to the court of the revised schedule. If the Parties are unable to agree regarding any such extension, the party desiring the extension may petition the court to revise the appropriate deadlines.

6. Defendants shall within thirty (30) days of the filing of an order approving this Suggestion of Remand, tender to the court the unredacted administrative record developed in connection with plaintiff's short-term disability (STD) claim, which record shall include the STD and LTD plan documents. Access to the unredacted administrative record shall be restricted to counsel of record and court personnel pursuant to NECivR 5.0.3(c) and the E-Government Act of

2002, and **the parties shall be granted permission to file unredacted documents in this case with restricted access.**

7.    Upon the entry of an order approving this Suggestion of Remand in its entirety, plaintiff's pending Motion for Order Directing Defendants to File Administrative Record (filing # 31) shall be deemed withdrawn.

Dated: May 1, 2012.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON, et al., DEFENDANTS

By:    /s/ Jill L. Poole
        Jill L. Poole, #22328
        Jackson Lewis LLP
        10050 Regency Circle, Suite 400
        Omaha, NE 68114
        poolej@jackson.lewis.com

*and*

        /s/Robert M. Wood
        Robert M. Wood (pro hac vice)
        Wendy L. Furhang (pro hac vice)
        Jackson Lewis LLP
        One Liberty Square
        55 Beattie Place, Suite 800
        Greenville, SC 29601
        woodr@jacksonlewis.com
        furhangw@jacksonlewis.com

TODD GREENWALD, Plaintiff

BY: /s/ Sally A. Rasmussen
Sally A. Rasmussen, #19019
John L. Spray, #18405
MATTSON, RICKETTS, DAVIES,
STEWART & CALKINS
134 South 13th Street, Suite 1200
Lincoln, Nebraska 68508-1901
Telephone: (402) 475-8433
E-mail: sar@mattsonricketts.com
E-mail: jls@mattsonricketts.com


IT IS ORDERED:

1) The terms of the parties' stipulation herein are adopted and are hereby ordered.

2) The parties shall file a status report every 60 days, beginning on July 2, 2012, to advise the court of the current status of the administrative review on remand. The clerk shall set and re-set case management deadlines in this case accordingly.

3) The plaintiff's motion to order the filing of the administrative record, (filing no. 31), is deemed withdrawn.

4) The progression of this case in this forum is stayed pending further order of the court.


Dated this 3rd Day of May, 2012.

Cheryl R. Zwart
United States Magistrate Judge