IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD GREENWALD, | |
| Plaintiff, | 4:12-CV-3034 |
| vs. | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; WELLS FARGO & COMPANY; WELLS FARGO & COMPANY SHORT-TERM DISABILITY PLAN; WELLS FARGO & COMPANY LONG-TERM DISABILITY PLAN, | AMENDED ORDER ON PARTIES' STIPULATION FOR REMAND |
| Defendants. | |

This matter is before the Court on the parties' jointly filed Suggestion of Remand as to Plaintiff's Second Claim (filing 33). Plaintiff Todd Greenwald brings this case under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.* Filing 1. Greenwald asserts three claims for relief. His first and second claims seek to recover benefits allegedly due to him under the short-term disability and long-term disability plans administered by the respective defendants. Filing 1, at ¶¶ 22–38. His third claim is for statutory penalties available for defendants' alleged violations of ERISA provisions requiring production of certain documents upon request. Filing 1, at ¶¶ 39–46.

Pursuant to the jointly filed Suggestion of Remand (filing 33), the parties have stipulated that Greenwald's second claim, for benefits under the long-term disability plan, should be remanded for administrative review. The parties have also agreed upon the procedures and deadlines that will govern this review process. Pending this review, proceedings will be stayed as to Greenwald's second claim. Greenwald's remaining claims shall continue to proceed before the Court.

Accordingly, pursuant to the terms of the parties' stipulation,

IT IS ORDERED:

1. Proceedings on Greenwald's second claim shall be stayed pending an administrative review of Greenwald's request for long-term disability benefits as set forth below. Greenwald's first and third claims shall continue to proceed before this Court.

2. Greenwald will submit any and all documentation he desires to be considered on remand on or before June 18, 2012. Greenwald shall deliver this documentation to defendants' counsel of record, who shall provide it to defendant Liberty Life Assurance Company of Boston ("Liberty Life").

3. The deadline for Liberty Life to complete its initial evaluation on remand and to issue an initial determination regarding Greenwald's claim will be 45 days after defendants' counsel receives confirmation from Greenwald that he has submitted all documentation that he wishes to be considered by Liberty Life. Provided, however, that Liberty Life may obtain a 45-day extension, on terms allowed by ERISA, upon notice prior to expiration of the initial evaluation period. In the course of its evaluation, Liberty Life may obtain the advice and recommendations of appropriate third parties as permitted by ERISA. The initial determination on remand shall be provided to Greenwald via delivery to his counsel. If the determination is adverse, Liberty Life will also provide a copy of the administrative record for the determination.

4. If the initial determination is adverse, Greenwald will provide any appeal, along with any supporting documentation, in writing, to defendants' counsel of record, within 45 days of receipt of the adverse determination by Greenwald's counsel. Defendants' counsel shall provide the appeal and supporting documentation to Liberty Life. Liberty Life's appeal determination in such case shall be due 45 days after receipt of confirmation from Greenwald's counsel that Greenwald does not intend to submit any additional information. Provided, however, that Liberty Life may obtain a 45-day extension, on terms allowed by ERISA, upon notice prior to expiration of the initial appeal evaluation period. If Greenwald does not submit an appeal as provided above, defendants' counsel will notify the Court as to whether benefits were approved or denied on remand, and, if warranted, submit a motion to lift the stay and for further proceedings.

5. The parties may agree among themselves on an extension of any of the deadlines established herein, with notice to the Court of the revised schedule. If the parties are unable to agree regarding any such extension, the party desiring the extension may petition the Court to revise the appropriate deadlines.

6. On or before June 4, 2012, defendants shall tender to the Court the unredacted administrative record developed in connection with Greenwald's short-term disability claim, which shall include the short-term disability and long-term disability plan documents. Access to the unredacted administrative record shall be restricted to counsel of record and court personnel pursuant to NECivR 5.0.3(c) and the E-Government Act of 2002[1], and the parties are hereby granted permission to file unredacted documents in this case with restricted access.

7. Greenwald's pending Motion for Order Directing Defendants to File Administrative Record (filing 31) is hereby deemed withdrawn.

8. The parties shall file a status report every 60 days, beginning July 2, 2012, to advise the Court of the current status of the administrative review on remand. This order amends the previous order of May 3, 2012, adopting the parties' stipulation (filing 34); the clerk shall set and reset case management deadlines in this case accordingly.

Dated this 16th day of May, 2012.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

[1] Pub.L. No. 107–347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).

- 3 -